UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LEASA A. MORRISON,

            Plaintiff

   -against-                                   **COMPLAINT**


PERFORMANT RECOVERY, INC,,

            Defendant

-------------------------------------------------------------x


## I.    PRELIMINARY STATEMENT

1. The Plaintiff named herein brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, actual damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.


## II.    PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in Waterloo, New York.

5. The Defendant Performant Recovery, Inc. is a California business registered as a Foreign Business Corporate with the New York Secretary of State and maintains a principle place of business located at 333 N. Canyon Parkway, #100, Livermore, California.

6. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### III.  JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING THE PLAINTIFF

10. The Defendant was retained by the New York State Higher Education Services Corporation to collect an alleged defaulted student loan debt.

11. The alleged default obligation is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. At all times relevant to this lawsuit the Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. In an effort to collect the alleged debt owed by the Plaintiff certain persons employed as debt collectors by the Defendant attempted to contact the Plaintiff at her place of business.

15. In conjunction with the telephone calls Defendant's employees placed numerous messages with person who answers telephone calls for the Plaintiff.

16. The messages asked the Plaintiff to return the telephone call at a number maintained by the Defendant.

17. The persons leaving the messages did not identify the Defendant as the caller, the purpose of the call or the reason(s) why the Plaintiff should return the calls.

18. The purpose of the messages was to be vague enough to compel the Plaintiff to contact the Defendant so that the Defendant could engage in further debt collection activity.

19. The Plaintiff was under no duty to respond to the messages and otherwise contact the Defendant.

20. The messages constituted attempts to solicit a call back to an unidentified collection agency through a third party which is conduct that is not permitted by the FDCPA.

21. Each of the messages placed by the Defendant is a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

## V.  FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged debt;

21. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt;

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as set forth below:

(i) The maximum statutory damages as are allowed pursuant to 15 U.S.C. sec. 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
         February 11, 2016

                                                    ROBERT L. ARLEO, ESQ. P.C.

                                                    By: */s/ Robert L. Arleo*
                                                         ROBERT L. ARLEO

380 Lexington Avenue
17th Floor
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com